# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00248-MR
# (CRIMINAL CASE NO. 1:07-cr-00115-MR-1)

| | |
|---|---|
| CHRISTOPHER EUGENE HARRIS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Writ of Error Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651 [Doc. 1] and Petitioner's Supplemental Petition for Relief under 28 U.S.C. § 2241 and alternatively under the Writ of Audita Querela [Doc. 3]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina. For the reasons that follow, the Court finds that Petitioner is not entitled to relief.

## PROCEDURAL HISTORY

On December 4, 2007, Petitioner was charged in a multi-count indictment with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One); and

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Two and Three).  [1:07-cr-115, Doc. 3].  On February 29, 2008, pursuant to a written plea agreement, Petitioner pled guilty to Counts One and Two.  [Id., Doc. 13: Plea Agreement; Doc. No. 14: Acceptance and Entry of Guilty Plea].  Count One carried a minimum sentence of five years and a maximum sentence of forty years and Count Two carried a maximum sentence of ten years.  [Id., Doc. 17 at 1].

Before sentencing, the government contended that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1(a) and was therefore subject to a sentence enhancement.  [Id., Doc. 17 at ¶ 46].  The Court subsequently designated Petitioner as a career offender, and on September 30, 2008, the Court sentenced Petitioner to 188 months' imprisonment.  [Id., Doc. 19: Judgment].  On October 9, 2008, Petitioner filed a timely notice of appeal.  [Id., Doc. 21].  On May 13, 2009, the Fourth Circuit Court of Appeals upheld Petitioner's conviction and sentence. United States v. Harris, 332 F. App'x 61 (4th Cir. 2009).

On or around November 6, 2009, Petitioner filed a Section 2255 motion.  [1:09cv406, Doc. 1].  The Court denied and dismissed the motion on December 14, 2009.  [Id., Doc. 2].  On January 19, 2010, Petitioner filed a Motion to Reduce Crack Sentence pursuant to 18 U.S.C. § 3852(c).

[1:07-cr-115, Doc. 39]. The Court denied the motion by Order entered January 26, 2010. [Id., Doc. 40]. On July 30, 2012, proceeding *pro se*, Petitioner filed the instant petition for writ of error coram nobis, contending that he is entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Then on February 20, 2013, through Ann Hester of the Federal Defender of Western North Carolina, Petitioner filed a Supplemental Petition for Relief under 28 U.S.C. § 2241, and alternatively for a writ of audita querela.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

In his petition for writ of error coram nobis, and in his supplemental petition under 28 U.S.C. § 2241, and under the writ of audita querela,

Petitioner seeks to have this Court vacate his career offender sentence of 188 months' imprisonment and to enter a new sentence that does not rely on two of his prior state court convictions for purposes of his designation as a career offender under U.S.S.G. § 4B1.1(a). Petitioner bases this motion on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1]

In the original motion to vacate and the supplement to the motion, Petitioner asserts 28 U.S.C. § 2241 and the writs of error coram nobis and audita querela as grounds for relief from Petitioner's sentence. Petitioner is not entitled to a reduction in his sentence under any of these forms of relief. As this Court has already noted, Petitioner has already filed one Section 2255 motion to vacate. As to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question

---

[1] In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence which he contends was based on a prior drug conviction that he asserts is no longer properly considered in calculating a sentencing enhancement. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through Section 2255 is inadequate. For these reasons, Petitioner is not entitled to relief under Section 2241.

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and audita querela, the Fourth Circuit recently described the writs of coram nobis and audita querela as follows:

5

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
>
> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012).

Here, Petitioner is obviously in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a Section 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, the docket shows that Petitioner filed a motion in the Fourth Circuit Court of Appeals seeking permission to file a successive 2255 motion asserting a claim under Simmons, and the Court of Appeals

6

denied that motion on May 22, 2012.  Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions.  See Coleman v. United States, No. 3:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 F. App'x 340 (4th Cir. 2008).

Finally, the Court notes that the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review.  See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).  However, even if Petitioner had brought his Simmons claim in a timely and non-successive Section 2255 petition, he would still not be entitled to relief under Simmons because Petitioner's sentence was within the authorized, statutory maximum sentence.  See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012) (King, J., dissenting) (opining that although relief may be warranted as to some petitioners under Simmons, relief was not warranted as to the petitioner Powell because, despite the petitioner's sentencing enhancement due to his status as a career offender,

Powell still received a sentence (240 months) that was within the maximum sentence allowed (life imprisonment)).

## CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion under 28 U.S.C. § 1651 [Doc. 1] and his Supplemental Motion under 28 U.S.C. §

2241 and under the writ of audita querela [Doc. 3] are both **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 6, 2013

Martin Reidinger
United States District Judge